# EXHIBIT G

FILED: 8/14/2019 2:35 PM
David Trantham
Denton County District Clerk
By: Kristie Kaviani, Deputy

NO. 19-7086-442

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| S.L.S. AND S.S. | § | 442ND JUDICIAL DISTRICT |
| | § | |
| CHILDREN | § | DENTON COUNTY, TEXAS |

### ORIGINAL PETITION IN SUIT AFFECTING PARENT-CHILD RELATIONSHIP SEEKING MODIFICATION OF OUT-OF-STATE ORDER

### 1. Discovery Level

Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

### 2. Parties

This original petition in suit affecting the parent-child relationship seeking modification of an out-of-state order is brought by Emily Lyons Soelberg, Petitioner, who is a party affected by the order sought to be modified. The last three digits of her Texas driver's license number are 394 and the last three digits of her Social Security number are 860. Petitioner is the mother of the children and has standing to bring this suit. The requested modification will be in the best interest of the children.

Respondent is Stein-Erik Soelberg.

### 3. Order to Be Modified

The order to be modified is entitled *Final Judgment and Decree* and was rendered on July 31, 2018. A copy was registered with this Court on August 8, 2019.

### 4. Jurisdiction

This Court has temporary emergency jurisdiction to make a child custody determination in this case under section 152.204 of the Texas Family Code, because the children are present in Texas and it is necessary in an emergency to protect the children because the children are subjected to or threatened with mistreatment or abuse.



5. *Children*

   The following children are the subject of this suit:

   Name: Susanna Lee Soelberg
   Sex: Female
   Birth date: June 9, 2003
   County of residence: Denton

   Name: Stein-Erik Soelberg
   Sex: Male
   Birth date: August 1, 2005
   County of residence: Denton

6. *Parties Affected*

   The following parties may be affected by this suit: Stein-Erik Soelberg, the father of the children. Process should be served at 11 Shorelands Place, Old Greenwich, CT 06870, or wherever he may be found.

   Information required by section 152.209 of the Texas Family Code will be supplemented.

7. *Nonresident Entitled to Citation*

   Stein-Erik Soelberg, named above, is a nonresident of Texas.

   The children the subject of this suit reside in Texas as a result of the acts or directives of the nonresident person. The children have lived in Flower Mound, Texas since August 2018.

8. *Children's Property*

   There has been no change of consequence in the status of the children's property since the prior order was rendered.

9. *Protective Order Statement*

   No protective order under title 4 of the Texas Family Code, protective order under Chapter 7A of the Texas Code of Criminal Procedure, or order for emergency protection under Article 17.292 of the Texas Code of Criminal Procedure is in effect in regard to a party to this suit or a child of a party to this suit and no application for any such order is pending.

10. *Modification of Conservatorship, Possession and Access*

The order to be modified is not based on a mediated or collaborative law settlement agreement. The circumstances of the children, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of rendition of the order to be modified.

Petitioner requests that the rights and duties of the respective conservators of the children be modified to provide as follows:

The appointment of Petitioner and Respondent as joint managing conservators would not be in the best interest of the children. Petitioner, on final hearing, should be appointed sole managing conservator, with all the rights and duties of a parent sole managing conservator.

Petitioner requests that the terms and conditions for access to or possession of the children be modified to provide as follows:

Deny Respondent access to the children, or alternatively, render a possession order providing for supervised periods of possession.

Respondent may violate the Court's order relating to Respondent's possessory interest in the children. Petitioner requests the Court to order Respondent to execute a bond or deposit security in a reasonable amount, conditioned on Respondent's compliance with the Court's orders concerning possession of and access to the children.

The requested modification is in the best interest of the children.

## 11. *Request for Temporary Orders*

Petitioner requests the Court, after notice and hearing, to make temporary orders for the safety and welfare of the children, including but not limited to the following:

Appointing Petitioner the temporary conservator who has the exclusive right to designate the primary residence of the children.

Denying Respondent access to the children or, alternatively, rendering a possession order providing that Respondent's periods of visitation be continuously supervised.

Ordering the psychiatric evaluation of Stein-Erik Soelberg.

Ordering the parties to participate in mediation before trial of this matter.

Ordering a pretrial conference to simplify the issues in this case and determine the stipulations of the parties and for any other matters the Court deems appropriate.

With regard to the requested temporary order for managing conservatorship, Petitioner

would show the Court the following:

These temporary orders are necessary because the children's present circumstances would significantly impair the children's physical health or emotional development, and the requested temporary order is in the best interest of the children. See the affidavit of Petitioner attached as Exhibit A.

### 12.   *Request for Temporary Restraining Order*

Petitioner requests the Court to dispense with the necessity of a bond, and Petitioner requests that Respondent be temporarily restrained immediately, without hearing, and after notice and hearing be temporarily enjoined, pending the further order of this Court, from:

Disturbing the peace of the children or of another party.
Withdrawing the children from enrollment in the school or day-care facility where the children are presently enrolled.

Hiding or secreting the children from Petitioner.

Making disparaging remarks regarding Petitioner or Petitioner's family in the presence or within the hearing of the children or on any form of social media.

Discussing any litigation concerning the children in the presence or within the hearing of the children or on any form of social media.

Consuming alcohol within the twelve hours before or during the period of possession of or access to the children.

As the basis for the extraordinary relief requested below, Petitioner would show that before the filing of this petition Respondent has engaged in the conduct stated in the affidavit attached as Exhibit A. Based on that affidavit, Petitioner requests the Court to grant the following relief:

Issue an order excluding Respondent from possession of or access to the children, Susanna Lee Soelberg and Stein-Erik Soelberg.

### 13.   *Denton County Standing Order*

Pursuant to the *Denton County Standing Order Regarding Children, Property and Conduct of the Parties* which is attached hereto as Exhibit B and incorporated by reference as if fully set forth herein as required by Denton County, both parties are restrained as set forth in said Standing Order and Petitioner requests the Court to dispense with the issuance of a bond.

### *14.   Request for Attorney's Fees, Expenses, Costs, and Interest*

It was necessary for Petitioner to secure the services of Jim Mueller, Robert S. McAngus, and the law office of Verner Brumley Mueller Parker, P.C., licensed attorneys, to preserve and protect the children's rights. Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs through trial and appeal, and a judgment should be rendered in favor of this attorney and against Respondent and be ordered paid directly to Petitioner's attorney, who may enforce the judgment in the attorney's own name. Petitioner requests postjudgment interest as allowed by law.

### *Prayer*

Petitioner prays that citation and notice issue as required by law and that the Court enter its orders in accordance with the allegations contained in this petition.

Petitioner prays that the Court, after notice and hearing, grant temporary orders as requested above.

Petitioner prays that the Court immediately grant a temporary restraining order restraining Respondent, in conformity with the allegations of this petition, from the acts set forth above, and Petitioner prays that, after notice and hearing, this temporary restraining order be made a temporary
injunction.

Petitioner prays for attorney's fees, expenses, costs, and interest as requested above.

Petitioner prays for general relief.

                          Respectfully submitted,

                          VERNER BRUMLEY MUELLER PARKER, PC
                          4311 Oak Lawn Avenue
                          Suite 450
                          Dallas, Texas 75219
                          Tel: (214) 526-5234
                          Fax: (214) 526-0957

                               */s/ Jim Mueller*
                    By:_____
                          Jim Mueller
                          State Bar No. 24051791
                          jmueller@vernerbrumley.com
                          Robert S. McAngus
                          State Bar No. 24064407
                          rmcangus@vernerbrumley.com



ORIGINAL PETITION IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP
SEEKING MODIFICATION OF OUT-OF-STATE ORDER                                         PAGE 5

Attorneys for Emily Lyons Soelberg

## AFFIDAVIT IN SUPPORT OF EX PARTE RELIEF

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DENTON | § |

I, Emily Lyons Soelberg, am the applicant in the above Application for a Protective Order. I am above the age of eighteen years, and I am seeking protection for my children from family violence. I am fully competent to make this affidavit. The facts and circumstances alleged are true to the best of my knowledge and belief.

"I was married to Stein-Erik Soelberg ("Stein") for twenty years. We have two kids, Susanna Lee Soelberg ("Susanna"), age 16, and Stein-Erik Soelberg, Jr., age 14 ("Erik"). We divorced on July 31, 2018. I moved to Texas with the kids in August 2018 and have been living in Flower Mound, Texas ever since. Stein moved to Connecticut where he lives now.

"Stein has a history of drug and alcohol abuse. He also has suicidal tendencies. His first suicide threats began in 2010 and it has been a struggle ever since. In August of 2017 he made his first suicide threat in front of the children. Things got worse as we were in divorce proceedings. *Stein was fired from his job for sexual harassment in April 2018. Shortly after that, I learned that he drove drunk in the car. He told me, as well as friends who reached out to me, that he was going to kill himself.* One of his friends called 911 based on his perceived urgency of the threat.

"We divorced in July 2018 and Stein was able to stay sober for a while. Stein's struggle with suicidal tendencies continued. Stein's first visit after we divorced was the weekend of September 14, 2018. When he returned to Connecticut, *he tried to kill himself by overdosing on oxycontin. Stein was involuntarily committed to the mental ward for several days*. He said that the emotional distress after leaving the kids was a contributor to his suicide attempt.

"After Stein got out of the institution, he appeared to be in a better state of mind. The kids saw their dad at Thanksgiving (2018) and again in December 2018. Things have gotten much worse this year.

"On April 3, 2019 *Stein was drinking and he attempted suicide by jumping into the Long Island Sound (which ranges 41 to 58 degrees for April) and had to be fished out by the police who described him as "emotionally disturbed."* Stein was hospitalized and treated with anti-depressants.

"Our Custody Agreement calls for him to have 3 weeks visitation during summers. He made plans for a 2 week visit where they would be staying with his mother. He claims that he was sober from the April 3 incident and since he was going to have supervised time with the kids, I let them go visit.

"After they departed, I found out that after Father's Day, again triggered by his agitation over his relationship with the children, Stein *got drunk and stabbed himself several times with a knife to try and kill himself*. He was subsequently hospitalized.

| | | |
|---|---|---|
| AFFIDAVIT IN SUPPORT OF EX PARTE RELIEF | EXHIBIT A | PAGE 1 |



"Stein's girlfriend broke up with him and subsequently *filed a restraining order against him after she claims he tried to strangle her.* On July 31, 2019, *Stein was arrested for violating his restraining order and intentionally ramming his car into his ex-girlfriend's vehicle.* See Exhibit 1.

"On June 25, 2019, *Stein was arrested for urinating in a woman's bag outside the police station.* He was scheduled to appear in court on August 1, 2019. *See* Exhibit 2.

"He has been charged with two felonies and two misdemeanors and is scheduled to appear in court on September 10, 2019. *See* Exhibit 3. Stein is currently in jail but I learned he is trying to post bail.

"I learned about this event when I reached out to Stein's friend because I was concerned Stein might be drinking again. I was worried about his upcoming visit with the kids planned for August 2, 2019. This fear was confirmed when I received a voicemail from Stein, on July 30, 2019, where he was slurring his speech. He sounded drunk. I called him back and he said he had no recollection of calling me.

"I'm scared Stein may attempt to visit the children while out on bail and in a fragile mental state. He has history of mental imbalance tied to visits with them. I am requesting the ex parte temporary restraining order be put into place immediately so that my children will be safe. If the order is not granted, it will cause my children irreparable injury, loss, and damage for which I have no other adequate remedy at law. I fear for their safety and welfare.

"Further Affiant sayeth not."

*Emily Lyons Soelberg*

SWORN TO AND SUBSCRIBED TO before me on August 9th, 2019.

Notary Public, Texas




Greenwich, CT

Local News     Real Estate     Events     Get Tickets

# Man Accused Of Intentionally Ramming Car In Greenwich Lot: PD

Police said a Greenwich man is accused of intentionally ramming a car in an Old Greenwich parking lot.

By RJ Scofield | Aug 2, 2019 1:04 pm ET



Police said a Greenwich man accused of intentionally ramming a car in an Old Greenwich parking lot was arrested on Aug. 1, 2019. (Photo credit: RJ Scofield)

**EXHIBIT 1**

GREENWICH, CT — Police said a Greenwich man accused of intentionally ramming a car in an Old Greenwich parking lot was arrested Thursday. According to an arrest report, officers were called to the area Wednesday after receiving a report of a man ramming his vehicle into parked cars at the lot.

When officers arrived, they discovered two damaged vehicles.

"It was clear by the damage that one vehicle had intentionally rammed the other," police said in the report.

The driver of the suspected vehicle was identified as Erik Soelberg, 50, of Greenwich. The owner of the other vehicle also had an active order of protection against the accused, police said.

Officers were granted a warrant for the accused's arrest, and he was subsequently located Thursday in the Central Greenwich area of town .

The accused is charged with first-degree criminal trespass, first-degree criminal mischief, second-degree breach of peace and violation of a standing protective order, police said.

See article on Patch >

More from Greenwich, CT Patch


**New Communications Director Hired By Greenwich Public Schools**


**WOW House: Stunning Greenwich Estate Offers Home Theater, Spa**


**Keep Food Hot Or Cold In Rachael Ray's Top-Rated Thermal Tote**

**Create an Active Workspace**

Varidesk | Sponsored





# GREENWICH DAILY VOICE

Return to your home site

POLICE & FIRE

# Man Charged After Urinating In Woman's Duffel Bag Outside Greenwich PD Headquarters, Police Say

 Donna Christopher   06/29/2019 10:00 a.m.



A man was charged after urinating in a woman's duffel bag outside the Greenwich Police Department headquarters, according to police  Photo Credit: *Google Maps*

A local man was charged after urinating in a woman's duffel bag outside the Greenwich Police Department headquarters, according to police.

Erik Stein Soelberg, 50, of Greenwich, was arrested Tuesday, June 25 at 4:30 p.m. after the victim walked into the Greenwich Police station and reported they had witnessed the alleged suspect urinating in her duffel bag right outside the police station on Mason Street, according to Greenwich Police.



EXHIBIT 2

E-File 11



Officer approached Soelberg who later reportedly admitted he urinated inside the person's duffel bag, said Greenwich Police.

He was charged with third-degree criminal mischief and second-degree breach of peace and was able to post his $240 bond, police said.

Police then escorted Soelberg out to the front lobby of the police station, according to police.

Soelberg was due in Stamford court Wednesday, June 25

Click here to sign up for Daily Voice's free daily emails and news alerts.

**Share this story**

Article URL: https://dailyvoice.com/connecticut/greenwich/police-fire/man-charged-after-urinating-in-womans-duffel-bag-outside-greenwich-pd-headquarters-police-say/770924/





# State of Connecticut Judicial Branch

Friday,
August 9, 2019
Docket Search
by Court Location

Friday,
August 9, 2019
Docket Search
by Defendant

Pending Cases
Search by Defendant

Pending Cases
Search by Docket Number

Convictions Search
by Defendant

Convictions Search
by Docket Number

Attorney/Firm Case List

Attorney/Firm Look-up Numbers

GA Court Phone Numbers

JD Court Phone Numbers

Home

## Pending Case Detail

### Information is accurate as of August 09, 2019 04:50 AM

**Defendant Information**

| | |
|---|---|
| Last, First: SOELBERG STEIN ERICK | Represented By: 101824 H.E.CONNOR,JR. |
| Birth Year: 1969 | Times on the Docket: 2 |

**Docket Information**

| | | | |
|---|---|---|---|
| Docket No: | S01S-CR19-0240159-S | Arresting Agency: | LOCAL POLICE GREENWICH |
| Companion: | | | |
| Program: | | Arrest Date: | 8/1/2019 |
| Court: | Stamford GA 1 | Bond Amount: | $100,000 (This case only) |
| | | Bond Type: | Set |
| Miscellaneous: | | | (Not Released From Custody) |

**Activity:** Awaiting Disposition  
**Next Court Date:** 9/10/2019 10:00 AM

**Current Charges**

| Statute | Description | Class | Type | Occ | Offense Date | Plea | Verdict Finding |
|---|---|---|---|---|---|---|---|
| 53a-181 | BREACH OF PEACE 2ND DEG | B | Misdemeanor | 1 | 7/31/2019 | | |
| 53a-107 | CRIMINAL TRESPASS 1ST DEG | A | Misdemeanor | 1 | 7/31/2019 | | |
| 53a-115 | CRIMINAL MISCHIEF 1ST DEG | D | Felony | 1 | 7/31/2019 | | |
| 53a-223* | VIOLATION OF PROTECTIVE ORDER | D | Felony | 1 | 7/31/2019 | | |

Register with Connecticut Statewide Automated Victim Information and Notification (CT SAVIN)
CT SAVIN is a free, confidential service that gives crime victims and members of the community information about an offender's court case.

[ Back ]

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | Media | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2019, State of Connecticut Judicial Branch



EXHIBIT 3



FILED
AT 9:42 O'CLOCK A M
FEB 15 2019
DISTRICT CLERK
Denton County, Texas
BY: _____ DEPUTY

# DENTON COUNTY STANDING ORDER
## REGARDING CHILDREN, PROPERTY AND CONDUCT OF THE PARTIES

THIS DENTON COUNTY STANDING ORDER REGARDING CHILDREN, PROPERTY AND CONDUCT OF THE PARTIES IS BINDING ON (1) THE PARTIES, (2) THE PARTIES' OFFICERS, AGENTS, SERVANTS, EMPLOYEES, AND ATTORNEYS, AND (3) ANY OTHER PERSON WHO ACTS IN CONCERT WITH THE PARTIES OR THEIR AGENTS AND WHO RECEIVES ACTUAL NOTICE OF THESE ORDERS, AND IS ENFORCEABLE BY CONTEMPT, INCLUDING A FINE OF UP TO $500, CONFINEMENT IN THE COUNTY JAIL FOR SIX MONTHS, OR BOTH SUCH A FINE AND CONFINEMENT IN JAIL FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

No party to this lawsuit has requested this order. Rather, this order is a standing order of the Denton County District Courts that applies in every divorce suit and every suit affecting the parent-child relationship, including a suit for modification or enforcement of a prior order, filed in Denton County, Texas. The Denton County District Courts have adopted this order pursuant to Texas Family Code §§6.501-6.503, 105.001, and 105.009 because the parties and their children should be protected and their property preserved while the lawsuit is pending before the court. IT IS THEREFORE ORDERED:

1. **NO DISRUPTION OF CHILDREN.** All parties are ORDERED to refrain from doing the following acts concerning any children who are subjects of this cause:
    1.1 Removing the children from the State of Texas for the purpose of changing the children's domicile or residence, acting directly or in concert with others, without the written agreement of all parties or an order of this Court; provided, however, that this paragraph shall not prohibit or restrict a party from so removing the children if an active prior court order gives that party the right to designate the children's primary residence outside the State of Texas or without regard to geographic location.
    1.2 Disrupting or withdrawing the children from the school or day-care facility where the children are presently enrolled without the written agreement of all parties or an order of this Court; provided, however, that this paragraph shall not prohibit or restrict a party from so withdrawing the children from a school or day-care facility if that party is changing the children's domicile or residence within that party's rights pursuant to an active prior court order as described in §1.1 above.
    1.3 Hiding or secreting the children from any other party.
    1.4 Changing the children's current place of abode without the written agreement of all parties or an order of this Court; provided, however, that this paragraph shall not prohibit or restrict a party from changing such place of abode if an active prior court order gives that party the right to designate the children's primary residence without geographic restriction, or if the new place of abode lies within the geographic limits established by that active prior court order.
    1.5 Disturbing the peace of the children.
    1.6 Making disparaging remarks in the presence of the children about another party or another party's family members, including but not limited to the child's grandparents, aunts, uncles, stepparents, or anyone with whom the party has a dating relationship.
    1.7 Discussing with the children, or with any other person in the presence of the children, any litigation related to the children or the other party.
    1.8 <u>If this is an original divorce action,</u> allowing anyone with whom the party has a dating relationship to be in the same dwelling or on the same premises overnight while in possession of the child. Overnight is defined from 10:00 p.m. until 7:00 a.m.

2. **CONDUCT OF THE PARTIES DURING THE CASE.** All parties are ORDERED to refrain from doing the following acts with the intent to harass, annoy, alarm, abuse, torment, or embarrass another party:
    2.1 Using vulgar, profane, obscene, coarse, offensive, or indecent language to communicate with another party, whether in person, by telephone, or in writing, including by email, text message, or any other electronic communication.
    2.2 Threatening another party in person, by telephone, or in writing, including by email, text message, or any other electronic communication, to take unlawful action against the party, a member of the party's family, including but not limited to anyone with whom the party has a dating relationship, or the party's property.
    2.3 Placing or transmitting one or more telephone calls, emails, text messages, or other electronic communications to another party at an unreasonable hour, in an offensive or repetitious manner, anonymously, or without a legitimate purpose of communication.

EXHIBIT B

3.  **PRESERVATION OF PROPERTY AND USE OF FUNDS DURING DIVORCE CASE.** If this is a divorce case, both parties to the marriage are ORDERED to refrain from the following conduct:

    3.1 Destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties, regardless of whether it is intellectual, personal, or real property and regardless of whether it is claimed as separate or community property.

    3.2 Misrepresenting or refusing to disclose to the other party or to the Court, on proper request, the existence, amount, or location of any property, including electronically stored or recorded information, of one or both of the parties, regardless of whether it is intellectual, personal, or real property and regardless of whether it is claimed as separate or community property.

    3.3 Damaging, destroying or tampering with the tangible or intellectual property of one or both of the parties, including any document or electronically stored or recorded information that represents or embodies anything of value, regardless of whether it is intellectual, personal, or real property and regardless of whether it is claimed as separate or community property.

    3.4 Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of either party, regardless of whether it is intellectual, personal, or real property and regardless of whether it is claimed as separate or community property, except as specifically authorized by this order or a subsequent order of this Court.

    3.5 Incurring any indebtedness, including cash advances from a credit card or line of credit, other than legal expense in connection with this suit, except as specifically authorized by this order or a subsequent order of this Court.

    3.6 Making withdrawals from any account in any financial institution for any purpose, except as specifically authorized by this order or a subsequent order of this Court.

    3.7 Spending any sum of cash in either party's possession or subject to either party's control for any purpose, except as specifically authorized by this order or a subsequent order of this Court.

    3.8 Withdrawing or borrowing in any manner for any purpose from any retirement, profit-sharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account or Keogh account, except as specifically authorized by this order or a subsequent order of this Court.

    3.9 Signing or endorsing the others party's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends, or attempting to negotiate any negotiable instrument payable to the other party without the personal signature of the other party. This includes affixing the other party's digital signature to any electronic document.

    3.10 Taking any action to terminate, close, restrict, or limit lines of credit, credit cards, charge cards, or financial accounts in the name of or subject to the control of the other party, whether owned individually or jointly, except by subsequent court order or written agreement signed by each party permitting such action.

    3.11 Entering, operating, or exercising control over the motor vehicle in the possession of the other party.

    3.12 Discontinuing or altering the withholding for federal income taxes on wages or salary while this suit is pending.

    3.13 Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services, such as security, pest control, landscaping, or yard maintenance at the other party's residence or in any manner attempting to withdraw any deposits for service in connection with such services.

    3.14 Unlawfully intercepting or recording the other party's electronic communications.

    3.15 Opening or diverting mail, email, or any other electronic communication addressed to the other party.

    3.16 Excluding a spouse from the use and enjoyment of the marital residence in which the spouse had been residing within the thirty (30) day period prior to the date the original petition for divorce was filed.

    3.17 Communicating with the other party's employer or a person with whom the other party has a business relationship without a legitimate purpose.

    3.18. Entering any safe deposit box in the name of or subject to the control of a party, whether owned individually or jointly, except by subsequent court order or written agreement signed by each party permitting such entrance.

    3.19 Destroying, disposing of, or altering any e-mail, text message, video message, or chat message or other electronic data or electronically stored information relevant to the subject matter of the divorce suit, regardless of whether the information is stored on a hard drive, in a removable storage device, in cloud storage, or in another electronic storage medium.

    3.20 Modifying, changing, or altering the native format or metadata of any electronic data or electronically stored information relevant to the subject matter of the suit for dissolution of marriage, regardless of whether the information is stored on a hard drive, in a removable storage device, in cloud storage, or in another electronic storage medium. This prohibition shall likewise apply to any suit affecting the parent-

child relationship with regard to any electronic data or electronically stored information relevant to the subject matter of the suit affecting the parent-child relationship.

3.21 Deleting any data or content from any social network profile used or created by either party or a child of the parties.

3.22 Using any password or personal identification number to gain access to the other party's email account, bank account, social media account, or any other electronic account.

4. **PERSONAL AND BUSINESS RECORDS IN DIVORCE CASE.** If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following acts:

4.1 Concealing, destroying, disposing of, or altering any of the parties' family records, property records, financial records, business records or any records of income, debts, or other obligations, including, but not limited to, a canceled check, deposit slip, other records from a financial institution, records of credit purchases or cash advances, tax returns, and financial statements.

4.2 Falsifying any writing or record relating to the property of either party.

4.3 "Records" includes e-mail or other digital or electronic data, whether stored on a computer hard drive, diskette or other electronic storage device.

5. **INSURANCE IN DIVORCE CASE.** If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following acts, except by written agreement signed by each party permitting such acts:

5.1 Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on the life of either party, except as specifically authorized by this order or a subsequent order of this Court.

5.2 Changing or in any manner altering the beneficiary designation on any life insurance on the life of either party or the parties' children.

5.3 Canceling, altering, or in any manner affecting any casualty, automobile, or health insurance policies insuring the parties' property or persons including the parties' minor children.

6. **SPECIFIC AUTHORIZATIONS IN DIVORCE CASE.** If this is a divorce case, both parties to the marriage are specifically authorized to do the following:

6.1 To engage in acts reasonably and necessary to the conduct of that party's usual business and occupation.

6.2 To make expenditures and incur indebtedness for reasonable attorney's fees and expenses in connection with this suit.

6.3 To make expenditures and incur indebtedness for reasonable and necessary living expenses commensurate with such expenditures and indebtedness incurred for the past six months.

6.4 To make withdrawals from accounts in financial institutions only for the purposes authorized by this order.

7. **SERVICE AND APPLICATION OF THIS ORDER.**

7.1 The Petitioner shall attach a copy of this order to the original petition and to each copy of the petition. At the time an original petition is filed by non-electronic means, *if* the Petitioner has failed to attach a copy of this order to the petition and any copy of the petition, the Clerk shall ensure that a copy of this order is attached to the petition and every copy of the petition presented. At the time an original petition is filed electronically, *if* the Petitioner has failed to attach a copy of this order to the petition and any copy of the petition, the Clerk shall decline to issue citation until the petition is resubmitted with a copy of this order attached in conformity with this section. Additionally, the Court *may* decline to grant temporary ex parte relief, decline to set a hearing in the case, or strike the petition without further notice *if* the Petitioner fails to resubmit the petition with a copy of this order attached in conformity with this section.

7.2 This order is effective upon the filing of the original petition and shall remain in full force and effect as a temporary restraining order for fourteen days after the date of service of the original petition. The requirement of a bond is waived. If no party contests this order within fourteen days after the date of service of the original petition, this order shall continue in full force and effect as a temporary injunction until further order of this court. This entire order will terminate and will no longer be effective only upon further order of the court, entry of a final order or dismissal of the case.

7.3 In addition to any other remedies available for the enforcement of this order, at the Court's discretion, the Court may award reasonable and necessary attorney fees and court costs against a party found to have violated a provision of this order.

8. **EFFECT OF OTHER COURT ORDERS.** If any part of this order is different from any part of a protective order that has already been entered or is later entered, the protective order provisions prevail. Any part of this order not changed by some later order remains in full force and effect until the court signs a final decree.

9. **PARTIES ENCOURAGED TO MEDIATE/COLLABORATE.** The parties are encouraged to settle their disputes amicably without court intervention. The parties are encouraged to use alternative dispute resolution methods, such as mediation or the collaborative law process, to resolve the conflicts that may arise in this lawsuit.

10. **PARENT EDUCATION AND STABILIZATION.** If this is a suit affecting or seeking modification of the parent-child relationship, all parties are ORDERED to attend one of the following parent education and stabilization programs within sixty (60) days of the date of filing or service of the suit, as applicable:
    10.1 Children in the Middle (www.childreninthemiddle.com or 800-239-3971).
    10.2 Divorce Sanity Co-Parenting (www.ccdcounseling.com/divorce-sanity or 800-897-7068).
    10.3 Crossroads of Parenting & Divorce (www.patschanz.com/co-parenting or 940.453.8700).

Waiver of the requirement that both parents shall complete a parent education and stabilization program may only be granted by order of the court. Completion of programs not listed above will not be accepted without prior approval by the court for good cause shown. Proof of completion of the program must be filed with the court upon meeting this requirement. Failure to provide such proof in a timely manner may result in the cancellation of any scheduled hearing or trial and denial of requested relief at the Court's discretion.

THIS DENTON COUNTY STANDING ORDER REGARDING CHILDREN, PROPERTY AND CONDUCT OF THE PARTIES IS EFFECTIVE IN EVERY DIVORCE SUIT AND EVERY SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP, INCLUDING A SUIT FOR MODIFICATION OR ENFORCEMENT OF A PRIOR ORDER, FILED ON OR AFTER **FEBRUARY 19, 2019**.

_____
JUDGE SHERRY SHIPMAN
16th District Court

_____
JUDGE STEVE BURGESS
158th District Court

_____
JUDGE BRODY SHANKLIN
211th District Court

_____
JUDGE BRUCE MCFARLING
362nd District Court

_____
JUDGE MARGARET BARNES
367th District Court

_____
JUDGE DOUG ROBISON
393rd District Court

_____
JUDGE JONATHAN BAILEY
431st District Court

_____
JUDGE TIFFANY HAERTLING
442nd District Court

_____
JUDGE LEE ANN BREADING
462nd District Court



CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE
**DAVID TRANTHAM**
DENTON COUNTY DISTRICT CLERK

02/03/2026

Page 17 of 17    By: _Shemira Allen_
Deputy Clerk