Elizabeth “Ani” Lubben Zotti (*pro hac vice)*
Shana E. Scarlett (SBN 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Email: ani.zotti@hbsslaw.com
shanas@hbsslaw.com

Jacob Berman (SBN 32717)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
jakeb@hbsslaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMILY LYONS, Administrator c.t.a. and Personal Representative of the ESTATE OF STEIN-ERIK SOELBERG,<br><br>Plaintiff,<br><br>v.<br><br>OPENAI FOUNDATION (F/K/A OPENAI, INC.), a Delaware corporation, OPENAI, INC., a Delaware corporation, OPENAI OPCO LLC, a Delaware limited liability company, OPENAI HOLDINGS, LLC, a Delaware limited liability company, OPENAI GROUP PBC, a Delaware public benefit corporation SAMUEL ALTMAN, an individual, JOHN DOE EMPLOYEES 1-10, and JOHN DOE INVESTORS 1-10,<br><br>Defendants. | Civil Action No. 3:25-cv-11037-RS<br><br>**NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING**<br><br>**CIVIL LOCAL RULE 3-13** |

Pursuant to Civil Local Rule 3-13, Plaintiff Emily Lyons ("Plaintiff"), by and through her undersigned counsel, submits this Notice of Pendency of Other Action or Proceeding to notify the Court about *First Cty. Bank v. OpenAI Found.*, CGC-25-631477 (Cal. Super. Ct. Dec. 11, 2025), filed in the Superior Court of California involving nearly identical claims against Defendants. A copy of the *First Cty. Bank* complaint is attached hereto as **Exhibit A**.

Civil Local Rule 3-13 requires a party to an action pending in this District to file a "Notice of Pendency of Other Action or Proceeding" when the party is aware of another action or proceeding "pending (or within the last six months disposed of) before another judge of this Court, or before another court or administrative agency, that involves the same or substantially the same parties or the same or substantially the same issues of fact or law." Civ. L. R. 3-13(a). The notice must describe the other action, identify any similarities and differences between the actions, and state the filing party's position regarding coordination. Civ. L. R. 3-13(a)–(d).

The *Adams* Action was filed on December 11, 2025, eighteen days before the instant action was filed on December 29, 2025. Both actions arise from the same underlying events: Erik-Stein Soelberg's murder-suicide, in which he killed his mother, Suzanne Adams, and himself after extensive conversations with OpenAI's AI chatbot, ChatGPT Model-4o. The *Adams* Action asserts claims against some, though not all, of the same Defendants named herein, and additionally names Microsoft Corp. as a defendant.

Notwithstanding these factual similarities, the two actions involve different plaintiffs, different counsel, and distinct theories of liability. The *Adams* Action is brought by the estate of Suzanne Adams, represented by Edelson PC, while the instant action is brought by the estate of Erik-Stein Soelberg, represented by Hagens Berman. This action focuses on the alleged harms Defendants' product causes to its users, whereas the *Adams* Action advances a distinct causation theory addressing harms to third parties.

On April 13, 2026, this court recently found that the *Adams* Action does not warrant abstention or a stay of this proceeding Dkt. No. 42. And as such, the parties have already briefed the question of whether the Adams Action requires this Court to stay this case under the *Colorado River Doctrine*. *See* Dkt. Nos. 22, 39, 41. As set forth in that briefing and this Court's Order denying

defendants' motion to dismiss, the pendency of the *Adams* Action does not satisfy the requirements for a Colorado River stay.

Lastly, Civil Local Rule 3-13 is a notification mechanism and does not authorize a stay. *See Morris v. Safeco Ins. Co.*, 2008 WL 5273719, at *2 (N.D. Cal. Dec. 19, 2008) (holding that Civ. L. R. 3-13 is not a basis on which the Court may grant a stay and denying plaintiff's request for coordination and stay of a federal action in favor of a parallel state case); *see also Pieterson v. Wells Fargo Bank, N.A.*, 2019 WL 1465355, at *2 (N.D. Cal. Feb. 8, 2019) ("[C]oordination is an inherently flexible practice and may be accomplished in many ways."). Here, the *Adams* Action is pending in state court and rests on a different theory of harm and causation, further limiting the need for or practicality of coordination with this federal proceeding.

DATED: April 16, 2026

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By <u>*/s/ Jacob Berman*</u>
Jacob Berman (SBN 32717)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
jakeb@hbsslaw.com

Elizabeth "Ani" Lubben Zotti (*pro hac vice*)
Shana E. Scarlett (SBN 217895)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Email: ani.zotti@hbsslaw.com
shanas@hbsslaw.com

*Attorneys for Plaintiff*