EDWARD D. JOHNSON (SBN 189475)
WJohnson@mayerbrown.com
ANTHONY J WEIBELL (SBN 238850)
AWeibell@mayerbrown.com
KRISTIN W. SILVERMAN (SBN 341952)
KSilverman@mayerbrown.com
ELSPETH V. HANSEN (SBN 292193)
EHansen@mayerbrown.com
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
Tel.: (650) 331-2000
Fax: (650) 331-2060

ANKUR MANDHANIA (SBN 302373)
AMandhania@mayerbrown.com
MAYER BROWN LLP
101 Second Street, 17th Floor
San Francisco, CA 94105
Tel.: (415) 874-4230
Fax: (415) 331-2060

[additional counsel listed on signature page]

Attorneys for Defendants
OPENAI FOUNDATION, OPENAI OPCO, LLC,
OPENAI HOLDINGS, LLC, OPENAI GROUP PBC,
and SAMUEL ALTMAN

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EMILY LYONS, Administrator c.t.a and Personal Representative of the ESTATE OF STEIN-ERIK SOELBERG,<br><br>Plaintiff,<br><br>v.<br><br>OPENAI FOUNDATION (F/K/A OPENAI, INC.), *et al.*,<br><br>Defendants. | Case No. 3:25-cv-11037-RS<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants OpenAI Foundation (f/k/a OpenAI, Inc.), OpenAI, Inc., OpenAI OpCo LLC, OpenAI Holdings LLC, OpenAI Group PBC (collectively, "OpenAI"), and Samuel Altman (together with OpenAI, "Defendants") respond to the Complaint of Emily Lyons ("Plaintiff") as follows.

**DEFENDANTS' INTRODUCTORY STATEMENT**

Our hearts go out to everyone affected by this tragedy, especially the survivors of Suzanne Adams and Stein-Erik Soelberg.

Safety is a top priority for OpenAI. OpenAI has continued to improve ChatGPT's training to recognize and respond to signs of distress, de-escalate conversations in sensitive moments, and guide people toward real-world support, working closely with mental health clinicians and experts. OpenAI is committed to identifying and understanding the facts of this case, in order to continue to build safe and beneficial technology, and to further OpenAI's mission of ensuring that artificial general intelligence benefits all of humanity.

To that end, OpenAI aims to ensure that the important issues raised by this litigation are addressed accurately and respectfully, and grounded in facts. According to public records, Mr. Soelberg had a long history of serious mental health illness and violent behavior, including multiple prior suicide threats and attempts (as documented in police and court records) that long predated his use of ChatGPT. *See* ECF No. 22 n.2. These facts, which are both difficult and directly relevant, are reflected in OpenAI's answer to the allegations in this complaint.

**DEFENDANTS' ANSWER**

1. Paragraph 1 purports to quote from the transcript for a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent a response is required, Defendants admit that the quoted portions of Paragraph 1 are partial excerpts from the transcript for a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and, on that basis, deny them. Defendants further deny that ChatGPT is a "product."

2. Defendants admit that Mr. Soelberg at times used GPT-4o. Defendants deny the remaining allegations contained in Paragraph 2. Defendants further deny that ChatGPT is a "product."

3. Defendants deny the allegations contained in Paragraph 3.

4. Defendants deny the allegations contained in Paragraph 4. Defendants further deny that ChatGPT is a "product."

5. Defendants admit the Complaint asserts various claims for relief and seeks damages for those claims. Defendants deny any liability for the claims that Plaintiff has alleged. Defendants deny any remaining allegations in Paragraph 5. Defendants further deny that ChatGPT is a "product."

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, on that basis, deny them.

7. Defendants admit that court records indicate that Emily Lyons was appointed as fiduciary of the Estate of Stein-Erik Soelberg on October 14, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and, on that basis, deny them.

8. Defendants admit that Plaintiff purports to define the term "Plaintiffs" as alleged in Paragraph 8.

9. Defendants admit that OpenAI Foundation was formerly known as OpenAI, Inc. and is a Delaware corporation with its principal place of business in San Francisco, California. Defendants further admit that OpenAI, Inc. was previously a parent entity that governed other OpenAI entities, including those alleged in Paragraph 9. Defendants admit that OpenAI, Inc. set the mission of the OpenAI entities. Defendants deny the remaining allegations in Paragraph 9.

10. Defendants admit that Defendant OpenAI OpCo, LLC ("OpenAI OpCo") is a Delaware corporation with its principal place of business in San Francisco, California. Defendants admit that OpenAI OpCo is a for-profit indirect subsidiary of OpenAI Group PBC, in which OpenAI Foundation has a partial ownership interest and certain rights. OpenAI OpCo has certain

responsibilities related to the operational development, deployment, and commercialization of certain ChatGPT products and with respect to management and operation of the ChatGPT Plus subscription service. Defendants deny the remaining allegations in Paragraph 10. Defendants further deny that ChatGPT is a "product."

11. Defendants deny the allegations in Paragraph 11.

12. Defendants admit that Defendant OpenAI Group PBC is organized under the laws of Delaware, that San Francisco, California is its principal place of business, and that it was formed on October 28, 2025. Defendants deny the remaining allegations in Paragraph 12.

13. Defendants admit that Defendant Mr. Altman is the Chief Executive Officer and Co-Founder of OpenAI. Defendants deny the remaining allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14. Defendants further deny that ChatGPT is a "product."

15. Defendants deny the allegations in Paragraph 15. Defendants further deny that ChatGPT is a "product."

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 about where the Estate of Stein-Erik Soelberg is being administered. For the purpose of the present action only, Defendants admit that this Court has jurisdiction.

17. For the purpose of the present action only, Defendants admit that venue is proper in the Northern District of California.

18. Defendants admit that a ChatGPT account that appears to be associated with Mr. Soelberg was used prior to August 5, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 about Mr. Soelberg's age, characteristics, or actions and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 that Mr. Soelberg's mental health struggles included episodes of

psychosis, and, on that basis, deny the allegations. Defendants deny the remaining allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Public records indicate Mr. Soelberg had an extensive history of severe mental illness and violence that long predated his use of ChatGPT. *See* ECF No. 22 n.2. Accordingly, Defendants deny that Mr. Soelberg's life was "normal, even idyllic." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and, on that basis, deny the allegations.

23. Defendants admit that public records indicate that Mr. Soelberg's former wife sought a court order related to Mr. Soelberg and their children in 2019. Defendants deny the allegation in Paragraph 23 that ChatGPT "validated and strengthened" Mr. Soelberg's delusions. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and, on that basis, deny the allegations.

24. Paragraph 24 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 24 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 24.

25. Paragraph 25 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 25 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 25.

26. Paragraph 26 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 26 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 26.

27. Paragraph 27 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 27 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 27.

28. Paragraph 28 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 28 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 28.

29. Paragraph 29 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 29 are separate partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 29.

30. Paragraph 30 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 30 are partial

excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 30.

31. Paragraph 31 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 31 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 31.

32. Paragraph 32 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 32 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 32.

33. Paragraph 33 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 33 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 33.

34. Paragraph 34 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 34 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 34.

35. Paragraph 35 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 35 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 35.

36. Paragraph 36 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 36 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 36.

37. Paragraph 37 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 37 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 37.

38. Paragraph 38 appears to purport to quote from the transcript of a ChatGPT account, the contents of which would speak for themselves. To the extent that a response is required, Defendants deny the allegations. Defendants deny the remaining allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Paragraph 40 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 40 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg

but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 40.

41. Paragraph 41 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 41 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 41.

42. Paragraph 42 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 42 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 42.

43. Paragraph 43 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 43 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 43.

44. Paragraph 44 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 44 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 44.

45. Defendants admit that Plaintiff made an informal request, expressly outside the formal discovery process, for the transcripts between Mr. Soelberg and the ChatGPT service. Defendants deny the remaining allegations in Paragraph 45.

46. Paragraph 46 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 46 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants admit that GPT-4o was publicly available for most of 2025 and that Mr. Soelberg used GPT-4o in 2025. Defendants deny the remaining allegations in Paragraph 49.

50. Paragraph 50 purports to quote from a blog post that OpenAI published, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the isolated quotations in Paragraph 50 are from such blog post but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 50.

51. Paragraph 51 purports to quote from material on www.openai.com, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 51 are found on material from www.openai.com but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 51. Defendants further deny that ChatGPT is a "product."

52. Paragraph 52 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 52 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg

but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Paragraph 54 purports to quote from OpenAI's publication entitled "Snapshot of ChatGPT model behavior guidelines," the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the words quoted in the second sentence of Paragraph 54 are from such publication but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 54.

55. Paragraph 55 purports to quote from a blog post that OpenAI published, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 55 are from such blog post but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 55.

56. Paragraph 56 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 56 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 56.

57. Paragraph 57 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotation in Paragraph 57 is a partial excerpt from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized it. Defendants deny the remaining allegations in Paragraph 57.

58. Paragraph 58 purports to quote from an April 2025 version of the "Model Specifications," the contents of which speak for themselves. To the extent a response is required, Defendants note that a quotation mark is missing in the second sentence, and therefore it denies

that Plaintiff has completely or accurately characterized any material related to the purported quotation beginning with "gently," and is otherwise unable to make admissions or denials with respect to that material. Defendants admit that the remaining quotations in Paragraph 58 appear in the "Model Specifications" but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 58.

59. Defendants admit that OpenAI's mission is to "ensure that artificial general intelligence benefits all of humanity." Defendants deny the remaining allegations in Paragraph 59.

60. Paragraph 60 appears to purport to quote from an unnamed document, the contents of which speak for themselves. To the extent that a response is required, Defendants lack knowledge sufficient to identify the document quoted or confirm the accuracy of the quote and on that basis deny that the quotation is accurate or that it has been completely and accurately characterized. Defendants deny the remaining allegations in Paragraph 60.

61. Paragraph 61 appears to purport to quote from an unnamed document, the contents of which speak for themselves. To the extent that a response is required, Defendants lack knowledge sufficient to identify the document quoted or confirm the accuracy of the quote, and on that basis deny that the quotation is accurate or that it has been completely and accurately characterized. Defendants deny the remaining allegations in Paragraph 61. Defendants further deny that ChatGPT is a "product."

62. Paragraph 62 appears to purport to quote from news articles, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 62 are from such news articles but deny that Plaintiff has completely or accurately characterized them. Defendants specifically deny that the quoted material is accurate or that such material is an admission by OpenAI or a team at OpenAI. Defendants deny the remaining allegations in Paragraph 62.

63. Defendants admit that Dr. Ilya Sutskever, a co-founder of OpenAI and former chief scientist, and Jan Leike, formerly of the Superalignment team, resigned in May 2024. Defendants deny the remaining allegations in Paragraph 63.

64. Paragraph 64 appears to purport to quote from a 2025 TED Talk, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 64 are from a 2025 TED event but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65. Defendants further specifically deny that ChatGPT is a "product."

66. The allegations in Paragraph 66 purport to state legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations and specifically deny that the allegations in Paragraph 66 apply to OpenAI. Defendants deny the remaining allegations in Paragraph 66. Defendants further deny that ChatGPT is a "product."

67. Defendants incorporate as though fully set forth herein their answers to Paragraphs 1 through 66.

68. Defendants admit that court records indicate that Emily Lyons was appointed as fiduciary of the Estate of Stein-Erik Soelberg and that she purports to bring this action in a representative capacity. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and, on that basis, deny them.

69. Defendants admit that OpenAI has offered ChatGPT to consumers in the United States. Defendants deny the remaining allegations in Paragraph 69. Defendants further deny that ChatGPT is a "product."

70. The allegations in Paragraph 70 purport to state a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants further deny that ChatGPT is a "product."

71. Defendants deny the allegations in Paragraph 71.

72. The allegations in Paragraph 72 concerning how a product is "defectively designed" purport to state a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the remaining allegations in Paragraph 72. Defendants further deny that ChatGPT is a "product."

73. Defendants deny the allegations in Paragraph 73. Defendants further deny that ChatGPT is a "product."

74. Defendants deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77. Defendants further deny that ChatGPT is a "product."

78. Defendants deny the allegations in Paragraph 78.

79. The quotation in Paragraph 79 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotation in Paragraph 79 is a partial excerpt from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized it. Defendants deny the remaining allegations in Paragraph 79.

80. Defendants admit that OpenAI has implemented moderation features and other safeguards into ChatGPT to try to address harmful content. Defendants deny the remaining allegations in Paragraph 80.

81. Defendants admit that Plaintiff seeks various forms of relief, including relief pursuant to section 377.34 of California Code of Civil Procedure. Defendants deny that Plaintiff is entitled to any relief and deny the remaining allegations in Paragraph 81. Defendants further deny that ChatGPT is a "product."

82. Defendants incorporate as though fully set forth herein their answers to Paragraphs 1 through 81.

83. Defendants admit that court records indicate that Emily Lyons was appointed as fiduciary of the Estate of Stein-Erik Soelberg and that she purports to bring this action in a representative capacity. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 and, on that basis, deny them.

84. Defendants admit that OpenAI has offered ChatGPT to consumers in the United States. Defendants deny the remaining allegations in Paragraph 84. Defendants further deny that ChatGPT is a "product."

85. The allegations in Paragraph 85 purport to state a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants further deny that ChatGPT is a "product."

86. Defendants deny the allegations in Paragraph 86.

87. The allegations in Paragraph 87 purport to state a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants further deny that ChatGPT is a "product."

88. Defendants deny the allegations in Paragraph 88. Defendants further deny that ChatGPT is a "product."

89. Paragraph 89 purports to quote from the "Model Specifications," the contents of which speak for themselves. To the extent a response is required, Defendants admit that the quotation in Paragraph 89 appears in the "Model Specifications" but deny that Plaintiff has completely or accurately characterized it. Defendants deny the remaining allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90. Defendants further deny that ChatGPT is a "product."

91. Defendants deny the allegations in Paragraph 91. Defendants further deny that ChatGPT is a "product."

92. Paragraph 92 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 92 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 92. Defendants further deny that ChatGPT is a "product."

93. Defendants deny the allegations in Paragraph 93.

94. Defendants deny the allegations in Paragraph 94. Defendants further deny that ChatGPT is a "product."

95. Defendants deny the allegations in Paragraph 95. Defendants further deny that ChatGPT is a "product."

96. Defendants admit that Plaintiff seeks various forms of relief, including relief pursuant to section 377.34 of California Code of Civil Procedure. Defendants deny that Plaintiff is entitled to any relief and deny the remaining allegations in Paragraph 96.

97. Defendants incorporate as though fully set forth herein their answers to Paragraphs 1 through 96.

98. Defendants admit that court records indicate that Emily Lyons was appointed as fiduciary of the Estate of Stein-Erik Soelberg and that she purports to bring this action in a representative capacity. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98 and, on that basis, deny them.

99. Defendants admit that OpenAI has offered ChatGPT to consumers in the United States. Defendants deny the remaining allegations in Paragraph 99. Defendants further deny that ChatGPT is a "product."

100. The allegations in Paragraph 100 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants further deny that ChatGPT is a "product."

101. The allegations in Paragraph 101 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103. Defendants further deny that ChatGPT is a "product."

104. Defendants deny the allegations in Paragraph 104. Defendants further deny that ChatGPT is a "product."

105. Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107.

108. The allegations in Paragraph 108 purport to state a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 108. Defendants further deny that ChatGPT is a "product."

109. Defendants admit that Plaintiff seeks various forms of relief, including relief pursuant to section 377.34 of California Code of Civil Procedure. Defendants deny that Plaintiff is entitled to any relief and deny the remaining allegations in Paragraph 109.

110. Defendants incorporate as though fully set forth herein their answers to Paragraphs 1 through 109.

111. Defendants admit that court records indicate that Emily Lyons was appointed as fiduciary of the Estate of Stein-Erik Soelberg and that she purports to bring this action in a representative capacity. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111 and, on that basis, deny them.

112. Defendants admit that OpenAI has offered ChatGPT to consumers in the United States. Defendants deny the remaining allegations in Paragraph 112. Defendants further deny that ChatGPT is a "product."

113. The allegations in Paragraph 113 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

114. The allegations in Paragraph 114 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that the allegations in Paragraph 114 accurately describe the scope of any legally cognizable duty of OpenAI. Defendants further deny that ChatGPT is a "product."

115. Defendants deny the allegations in Paragraph 115.

116. Paragraph 116 purports to quote from various sources, the contents of which speak for themselves. To the extent a response is required, Defendants deny the allegations and deny that

Plaintiff has accurately characterized the quotations. Defendants deny the remaining allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117. Defendants further deny that ChatGPT is a "product."

118. Defendants deny the allegations in Paragraph 118.

119. Defendants deny the allegations in Paragraph 119. Defendants further deny that ChatGPT is a "product."

120. Defendants deny the allegations in Paragraph 120. Defendants further deny that ChatGPT is a "product."

121. Defendants deny the allegations in Paragraph 121.

122. Defendants deny the allegations in Paragraph 122.

123. Defendants deny the allegations in Paragraph 123. Defendants further deny that ChatGPT is a "product."

124. Defendants deny the allegations in Paragraph 124.

125. The allegations in Paragraph 125 purport to state a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 125. Defendants further deny that ChatGPT is a "product."

126. Defendants admit that Plaintiff seeks various forms of relief, including relief pursuant to section 377.34 of California Code of Civil Procedure. Defendants deny that Plaintiff is entitled to any relief and deny the remaining allegations in Paragraph 126.

127. Defendants incorporate as though fully set forth herein their answers to Paragraphs 1 through 126.

128. Defendants admit that court records indicate that Emily Lyons was appointed as fiduciary of the Estate of Stein-Erik Soelberg and that she purports to bring this action in a representative capacity. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128 and, on that basis, deny them.

129. The quoted portion of the allegations in Paragraph 129 quote from a statute, and purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the remaining allegations in Paragraph 129.

130. The quoted portions of the allegations in Paragraph 130 quote a statute, the contents of which speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purpose of "licensing requirements for psychotherapists" in Paragraph 130 and, on that basis, deny them. To the extent a response is required, Defendants admit that Cal. Bus. & Prof. Code § 2903 includes the quoted material in Paragraph 130 but deny that Plaintiff has completely or accurately quoted the statute. Defendants deny the remaining allegations in Paragraph 130.

131. Defendants deny the allegations in Paragraph 131.

132. Defendants deny the allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133. Defendants further deny that ChatGPT is a "product."

134. Defendants deny the allegations in Paragraph 134.

135. Defendants deny the allegations in Paragraph 135. Defendants further deny that ChatGPT is a "product."

136. Defendants admit that Mr. Soelberg made payments in connection with the ChatGPT account that appears to be associated with him. Defendants deny the remaining allegations in Paragraph 136.

137. Defendants admit that Plaintiff seeks various forms of relief, including relief pursuant to section 17203 of California Business and Professions Code. Defendants deny that Plaintiff is entitled to any relief and deny the remaining allegations in Paragraph 137.

138. Defendants incorporate as though fully set forth herein their answers to Paragraphs 1 through 137.

139. Defendants admit that court records indicate that Emily Lyons was appointed as fiduciary of the Estate of Stein-Erik Soelberg and that she purports to bring this action in a representative capacity. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139 and, on that basis, deny them.

140. Defendants deny the allegations in Paragraph 140. Defendants further deny that ChatGPT is a "product."

141. Paragraph 141 purports to quote from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg, the contents of which speak for themselves. To the extent that a response is required, Defendants admit that the quotations in Paragraph 141 are partial excerpts from the transcript of a ChatGPT account that appears to be associated with Mr. Soelberg but deny that Plaintiff has completely or accurately characterized them. Defendants deny the remaining allegations in Paragraph 141.

142. Defendants deny the allegations in Paragraph 142.

143. Defendants deny the allegations in Paragraph 143.

144. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 about the alleged damages of Mr. Soelberg's children and heirs and, on that basis, deny the allegations. Defendants further deny that any damages were caused by Defendants. Defendants deny the remaining allegations in Paragraph 144.

145. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 about the alleged damages of Mr. Soelberg's heirs and, on that basis, deny the allegations. Defendants further deny that any damages were caused by Defendants. Defendants deny the remaining allegations in Paragraph 145.

146. Defendants admit that Plaintiff seeks various forms of relief, including relief pursuant to sections 377.60 and 377.61 of California Code of Civil Procedure. Defendants deny that Plaintiff is entitled to any relief and deny the remaining allegations in Paragraph 146.

147. Defendants incorporate as though fully set forth herein their answers to Paragraphs 1 through 146.

148. Defendants admit that court records indicate that Emily Lyons was appointed as fiduciary of the Estate of Stein-Erik Soelberg and that she purports to bring this action in a representative capacity. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 148 and, on that basis, deny them.

149. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 about Plaintiff's standing and, on that basis, deny the allegations. The allegations in Paragraph 149 also purport to state a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants further deny that ChatGPT is a "product."

150. Defendants deny the allegations in Paragraph 150.

151. Defendants deny the allegations in Paragraph 151.

152. Defendants deny the allegations in Paragraph 152. Defendants further deny that ChatGPT is a "product."

153. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 about Mr. Soelberg's injuries and, on that basis, deny the allegations. Defendants further deny that any such injuries were caused by Defendants. Defendants deny the remaining allegations in Paragraph 153.

154. Defendants admit that Plaintiff seeks various forms of relief, including relief pursuant to section 377.34 of California Code of Civil Procedure. Defendants deny that Plaintiff is entitled to any relief and deny the remaining allegations in Paragraph 154.

**ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF**

To the extent that a response to Plaintiff's Prayer for Relief is required, Defendants deny each and every allegation contained therein, deny all of Plaintiff's claims, deny that Defendants engaged in any violation of the law or other wrongdoing, and deny that Plaintiff is entitled to any and all of the relief sought therein, including any damages, fees, disbursements, costs, or other purported equitable relief.

* * * *

**DEFENDANTS' GENERAL DENIAL**

Defendants deny each and every allegation of Plaintiff's Complaint not specifically admitted above.

* * * *

**DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Defendants allege the following affirmative and other defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

Defendants did not cause the alleged harm. Defendants deny both general and specific causation, including cause-in-fact, proximate cause, and producing cause, with respect to each claim asserted against them. Moreover, to the extent any "cause" can be ascribed to the tragedy of Mr. Soelberg's murder-suicide, the harm alleged resulted, in whole or in part, from independent and/or superseding causes for which Defendants are not responsible.

**SECOND AFFIRMATIVE DEFENSE**

**(Pre-Existing Conditions)**

The injuries and harms Plaintiff alleges, if any are proven, were the direct result of Mr. Soelberg's preexisting medical conditions, including psychological conditions alleged in the Complaint, and/or occurred by operation of nature or as a result of circumstances over which Defendants had no control.

**THIRD AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Plaintiff's claims are barred and/or Plaintiff's damages must be reduced, in whole or in part, under comparative fault principles. To the extent that any "cause" can be attributed to the tragic event of Mr. Soelberg's murder-suicide, any injuries or damages alleged were caused or contributed to by the acts or omissions of Mr. Soelberg and/or other persons.

**FOURTH AFFIRMATIVE DEFENSE**

**(Misuse)**

To the extent that any "cause" can be attributed to the tragic event of Mr. Soelberg's murder-suicide, any injuries or damages alleged were caused by or contributed to, directly and proximately, in whole or in part, by Mr. Soelberg's misuse, unauthorized use, unintended use, unforeseeable use, and/or improper use of ChatGPT.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Corporate Officer Liability)**

Plaintiff's claims against Defendant OpenAI's CEO fail to the extent they seek to hold him liable by virtue of his corporate role. Moreover, Plaintiff cannot prove allegations sufficient to hold him personally liable for the claims asserted.

**SIXTH AFFIRMATIVE DEFENSE**

**(Conduct Not Willful or Knowing)**

Defendants did not engage in any wrongful conduct. Any such conduct by Defendants was not willful or knowing. OpenAI is dedicated to making artificial general intelligence that benefits everyone. OpenAI builds safety guardrails into its systems at all levels, from pre-training to post-deployment, for all users. Before releasing GPT-4o, OpenAI engaged in thorough testing, including state-of-the-art testing regarding user mental health. GPT-4o passed that testing, as shown by the safety scorecard OpenAI publicly releases. OpenAI is continuing to evolve the statistical inference techniques used by its models to predict whether text contains signs of mental and emotional distress, and respond appropriately.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Duty or Breach)**

Plaintiff's claims fail as a matter of law. The nature of the harms Plaintiff alleges is beyond the scope of legally cognizable duty. To the extent Plaintiff alleges any such duty, Defendants did not breach it. OpenAI took reasonable steps, including building safety guardrails into its models,

and engaged in thorough safety testing before and after releasing each model, and updating the model in light of that testing.

**EIGHTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

Plaintiff's claims are barred by the First Amendment of the United States Constitution to the extent they seek to enforce laws in a manner that would unduly restrain protected speech. Plaintiff's claims would be barred by Article I, Section 2 of the California Constitution for the same reason.

**NINTH AFFIRMATIVE DEFENSE**

**(Product Liability, Generally)**

Plaintiff's product liability claims fail because ChatGPT is a service and/or not a product for purposes of product liability law.

**TENTH AFFIRMATIVE DEFENSE**

**(State of the Art)**

Plaintiff may not recover from Defendants because the methods, standards, or techniques of designing and making available the services at issue complied with and were in conformity with the generally recognized state of the art at the time the services were designed and made available to users. OpenAI is committed to the safety of its users, and is the leader in developing safe and beneficial artificial intelligence. OpenAI has pioneered many of the foundational safety practices used across the industry. Safety is a focus of every team at OpenAI. OpenAI employs leading safety experts and researchers who are dedicated to all aspects of safety, ranging from shaping model behavior to red-teaming and feedback to iterative deployment. Every model produced by OpenAI, including the models used by Mr. Soelberg, has undergone state-of-the-art testing for safety (including suicide and self-harm) prior to release. The safety scorecard for the model discussed in the Complaint, GPT-4o, shows that it passed the state-of-the-art tests. OpenAI also updates safety guardrails post-release, including by use of production data (from users who have granted OpenAI

permission to use their data for training). For example, GPT-4o was updated on an ongoing basis from the time of its release throughout the time that Mr. Soelberg used it.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Mootness / No Equitable Relief)**

Plaintiff's equitable claims are barred to the extent they are moot, including because Plaintiff has made allegations about historical practices or other practices that have ceased and therefore cannot support a request for injunctive or other forward-looking relief or declaratory relief. For instance, for all users, OpenAI provides reminders that they should take breaks from the ChatGPT service during longer sessions. Moreover, OpenAI continues to update its models and further train them. Plaintiff's equitable claims are barred, in whole or in part, on the additional grounds that Plaintiff has an adequate remedy at law, because Plaintiff has no factual or legal basis for the grant of equitable relief, and because Plaintiff's alleged equitable relief would duplicate legal remedies that are alleged.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Section 230)**

Plaintiff's claims are barred or preempted, in whole or in part, by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), to the extent the claims seek to treat OpenAI as the speaker or publisher of information that ChatGPT reproduces, summarizes, or synthesizes from one or more third-party information content providers, and by § 230(c)(2) for any action voluntarily taken in good faith to restrict access to or availability of such information that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable; or for any action taken to enable or make available the technical means to restrict access to such information. For example, there is no liability where a user asks ChatGPT to provide information supplied by a third-party source and ChatGPT provides the requested information.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

Punitive damages are not recoverable by Plaintiff because Plaintiff has failed to allege or establish any conduct that would support an award of punitive damages. Plaintiff's claims for punitive or exemplary damages or other civil penalties are further barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the U.S. Constitution, the excessive fines clause of the Eighth Amendment of the U.S. Constitution, the Full Faith and Credit Clause of the U.S. Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Contract)**

Plaintiff's claims are barred in whole or in part by contracts and/or agreements, including the integrated Terms of Use (which incorporates the Usage Policy), into which Mr. Soelberg entered.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights / Additional Defenses)**

Defendants give notice that they reserve the right to rely upon any other defense that may become apparent as discovery progresses in this matter, and reserve their right to amend the Answer and to assert any such defense. Defendants also reserve the right to amend the Answer and to assert any such defense should Plaintiff at any time hereafter purport to raise, rely on, or otherwise seek to proceed on any claim or theory stated in their Complaint that has been dismissed. Defendants also reserve the right to amend their Answer and to assert any such defense should Plaintiff at any time hereafter ask the Court to award relief on the basis of Plaintiff's prayers for "other" relief. Nothing stated herein constitutes a concession as to whether Plaintiff bears the burden of proof on any issue.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for relief and judgment as follows:

1. That Plaintiff is not entitled to any legal relief sought by the Complaint;
2. That judgment be entered in favor of Defendants; and
3. For any and all other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: April 24, 2026

By: */s/ Edward D. Johnson*

EDWARD D. JOHNSON (SBN 189475)
ANTHONY J WEIBELL (SBN 238850)
KRISTIN W. SILVERMAN (SBN 341952)
ELSPETH V. HANSEN (SBN 292193)
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
Tel.: (650) 331-2000
Fax: (650) 331-2060

ANKUR MANDHANIA (SBN 302373)
AMandhania@mayerbrown.com
MAYER BROWN LLP
101 Second Street, 17th Floor
San Francisco, CA 94105
Tel.: (415) 874-4230
Fax: (415) 331-2060

ANDREW J. PINCUS (*pro hac vice*)
APincus@mayerbrown.com
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
Tel.: (202) 263-3000
Fax: (202) 263-3300

GRAHAM WHITE (*pro hac vice*)
GWhite@mayerbrown.com
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
Tel.: (212) 506-2500
Fax: (212) 262-1910

MALORI MCGILL FERY (*pro hac vice*)

MMcGillFery@mayerbrown.com
MAYER BROWN LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84101
Tel.: (801) 907-2700
Fax: (801) 880-2221

Attorneys for Defendants
OPENAI FOUNDATION, OPENAI OPCO, LLC, OPENAI HOLDINGS, LLC, OPENAI GROUP PBC, and SAMUEL ALTMAN