EDWARD D. JOHNSON (SBN 189475)
WJohnson@mayerbrown.com
ANTHONY J WEIBELL (SBN 238850)
AWeibell@mayerbrown.com
KRISTIN W. SILVERMAN (SBN 341952)
KSilverman@mayerbrown.com
ELSPETH V. HANSEN (SBN 292193)
EHansen@mayerbrown.com
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
Tel.:   (650) 331-2000
Fax:   (650) 331-2060

ANKUR MANDHANIA (SBN 302373)
AMandhania@mayerbrown.com
MAYER BROWN LLP
101 Second Street, 17th Floor
San Francisco, CA  94105
Tel.:   (415) 874-4230
Fax:   (415) 331-2060

[additional counsel listed on signature page]

Attorneys for Defendants
OPENAI FOUNDATION, OPENAI OPCO, LLC,
OPENAI HOLDINGS, LLC, OPENAI GROUP PBC,
and SAMUEL ALTMAN

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| EMILY LYONS, Administrator c.t.a and Personal Representative of the ESTATE OF STEIN-ERIK SOELBERG,<br><br>Plaintiff,<br><br>v.<br><br>OPENAI FOUNDATION (F/K/A OPENAI, INC.), *et al.*,<br><br>Defendants. | Case No. 3:25-cv-11037-RS<br><br>**DEFENDANTS' CIVIL L.R. 3-13 RESPONSE TO PLAINTIFF'S NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING**<br><br>Judge: Hon. Richard Seeborg |

Pursuant to Civil Local Rule 3-13(c), Defendants OpenAI Foundation, OpenAI Inc., OpenAI OpCo LLC, OpenAI Holdings, LLC,[1] OpenAI Group PBC (collectively, "OpenAI"), and Samuel Altman (together with OpenAI, "Defendants") hereby respond to Plaintiff's Notice of Pendency of Other Action or Proceeding, ECF No. 43 ("Notice").

Defendants agree with Plaintiff identifying *First County Bank v. OpenAI Foundation*, No. CGC-25-631477 (Cal. Super. Ct.) ("*Adams*"), as "nearly identical" to the above-entitled action ("*Lyons*"), involving material parts of the subject matter and substantially all of the same defendants as *Lyons*. Notice, 1.

However, Plaintiff asserts that "the need for or practicality of coordination" between *Adams* and this federal court proceeding is "limit[ed]," but offers no explanation as to why or how that is so. Notice, 3. Additionally, Plaintiff's Notice fails to identify an additional set of coordinated, state-court actions involving material parts of the subject matter of *Lyons* and *Adams* and substantially all of the same defendants as *Lyons*: *In re: ChatGPT Product Liability Cases*, JCCP No. 5431 (Cal. Super. Ct.) (the "ChatGPT JCCP").[2] *Adams* is one of the cases coordinated into the ChatGPT JCCP. *See* ECF No. 22 ("Motion to Dismiss"); ECF No. 39 at 7.

As explained below, coordination among this action, *Adams*, and the other substantially similar actions in the ChatGPT JCCP would avoid conflicting rulings; conserve judicial, party, and third-party resources; and promote an efficient determination of this federal action. *See* Civil L.R.

---

[1] OpenAI Holdings, LLC merged into OpenAI Group PBC on December 31, 2025 and no longer exists as a standalone entity.

[2] Twelve actions, including *Adams*, are currently coordinated into the ChatGPT JCCP. The other eleven coordinated actions to date are: (1) *Lacey v. OpenAI, Inc.*, No. CGC-25-630808 (San Francisco Cnty.); (2) *Enneking v. OpenAI, Inc.*, No. CGC-25-630809 (San Francisco Cnty.); (3) *Irwin v. OpenAI, Inc.*, No. CGC-25-630811 (San Francisco Cnty.); (4) *Raine v. OpenAI, Inc.*, No. CGC-25-628528 (San Francisco Cnty.); (5) *Shamblin v. OpenAI, Inc.*, No. 25STCV32382 (Los Angeles Cnty.); (6) *Brooks v. OpenAI, Inc.*, No. 25STCV32386 (Los Angeles Cnty.); (7) *Madden v. OpenAI, Inc.*, No. 25STCV32383 (Los Angeles Cnty.); (8) *Fox v. OpenAI, Inc.*, No. 25STCV32379 (Los Angeles Cnty.); (9) *DeCruise v. OpenAI, Inc.*, No. 26CU003118C (San Francisco Cnty.); (10) *Jacquez v. OpenAI, Inc.*, No. 26CV165635 (Alameda Cnty.); (11) *Gray v. OpenAI, Inc.*, No. 26STCV00988 (Los Angeles Cnty.). Unopposed petitions for coordinating three other recently filed actions into the ChatGPT JCCP are pending: (1) *Lantieri v. OpenAI Found.*, No. CGC-26-634445 (San Francisco Cnty.); (2) *Chesterton v. OpenAI Found.*, No. CGC-26-634698 (San Francisco Cnty.); and (3) *Knowlton v. OpenAI, Inc.*, No. CGC-26-633067 (Cal. Super. Ct.).

3-13(b)(3)(D).

**Description and operative complaint of the other actions (L.R. 3-13(b)(1) and (2))**

*Lyons* and *Adams* are two sides of the same coin. Both arise from the same tragic event in August 2025: a murder-suicide in which Stein-Erik Soelberg killed his mother, Suzanne Adams, and immediately thereafter took his own life. *See* Compl. ¶ 1, *Adams* (Dec. 11, 2025) (attached hereto as **Exhibit A** ("Ex. A")); Compl. (ECF No. 1) ¶ 1. The *Lyons* complaint was filed in this Court several weeks after the *Adams* case was filed in California Superior Court. The real parties in interest (*i.e.*, the respective heirs) appear to be the same in both cases. *Lyons* is nominally brought on behalf of the estate of Mr. Soelberg, whereas *Adams* is nominally brought on behalf of the estate of Ms. Adams (Mr. Soelberg's mother). *See* Ex. A. Both *Lyons* and *Adams* allege that Soelberg's use of ChatGPT caused the murder-suicide, notwithstanding that Soelberg had a well-documented history of severe mental illness and violence that long predated his use of ChatGPT. Motion to Dismiss, 6 n.2. Both complaints also assert the same seven causes of action. *Compare* Ex. A ¶¶ 116-206 *with* ECF No. 1 ¶¶ 67-154.

*Adams* is one of a dozen pending lawsuits asserting similar claims against OpenAI in California state court that have already been coordinated into a single JCCP proceeding, the ChatGPT JCCP. *See* Order re: Petition for Coordination, ChatGPT Prod. Liab. Cases, JCCP No. 5431 (Cal. Super. Ct. Feb. 3, 2026) (ECF No. 22-6 ) (attached hereto as **Exhibit C)**. Given their factual and legal overlap, the cases in the JCCP proceeding are related to this action under Civil Local Rule 3-13.

Like this case (and *Adams*), each of the ChatGPT JCCP cases alleges that design defects in GPT-4o, attributable to alleged design flaws and inadequate safety testing, caused harm to the plaintiffs or their family members. *See* Motion to Dismiss, 6-7; Compl. ¶¶ 63-162, *Lacey*; Compl. ¶¶ 64-163, *Enneking*; Compl. ¶¶ 77-173, *Irwin* ; Compl. ¶¶ 73-138, *Raine*; Compl. ¶¶ 141-242, *Shamblin*; Compl. ¶¶ 58-135, *Brooks*; Compl. ¶¶ 60-150, *Madden*; Compl. ¶¶ 68-166, *Fox*; Compl. ¶¶ 108-218, *DeCruise*; Compl. ¶¶ 108-218, *Jacquez*; Compl. ¶¶ 108-219, *Gray* (each attached hereto as **Exhibit B** ("Ex. B")). Each case in the ChatGPT JCCP alleges that the design of GPT-4o

caused mental health injuries, and in some cases, death. *See generally* Ex. B. And like this action, each complaint in the ChatGPT JCCP asserts claims for strict product liability (design defect), strict product liability (failure to warn), negligence (design defect), negligence (failure to warn), and UCL violation. *Id.* Several of the actions in the ChatGPT JCCP, like this action, assert wrongful death and survival claims. *Id.*

**Procedural posture of the other actions (L.R. 3-13(b)(3)(A))**

*Adams* and the other eleven cases in the ChatGPT JCCP were coordinated on February 3, 2026, and stayed pending the assignment of a coordination trial judge. *See* ECF No. 22-6. On February 23, 2026, the Presiding Judge of the San Francisco Superior Court assigned San Francisco Superior Court Judge Ethan P. Schulman to sit as coordination trial judge of those coordinated actions. *See* ECF No. 22, at 7. Judge Schulman set a case management conference for July 24, 2026. *Id.* at 16.

Prior to coordination, the defendants in the *Raine* matter filed an answer (*Raine, et al., v. OpenAI, Inc., et al.*, Case No. CGC-25-628528 (San Francisco Superior Court, Nov. 26, 2025) (attached hereto as **Exhibit E**) and certain Defendants propounded and responded to written discovery requests. ECF No. 22-1, at 2. The *Raine* plaintiffs' motion to seal portions of the answer and OpenAI OpCo, LLC's motions to compel document production are off-calendar in light of the stay in the coordinated proceedings. No other substantive motions have been filed in any of the actions in the ChatGPT JCCP, and Defendants have not yet responded to any other complaint coordinated in that JCCP.

The coordinated cases are otherwise stayed pending further order by Judge Schulman. In the cases where unopposed requests for coordination are pending, the parties have agreed to stay those cases pending coordination. No party has opposed coordination in any related case where a coordination request has been filed.

**Relationship of the other actions (L.R. 3-13(b)(3)(B))**

*Lyons*, *Adams*, and the other already coordinated cases in the ChatGPT JCCP are directly related. *See* Civil L.R. 3-13(a) (pertaining to actions that "involve[] all or a material part of the

same subject matter and all or substantially all of the same parties"). *Adams* and *Lyons* are inextricably linked. Motion to Dismiss, 10. Indeed, Plaintiff has not denied that both actions are brought on behalf of the same real parties in interest, *id.* at 8; *see also* ECF No. 41, 2, and that the actions assert "nearly identical claims" against Defendants. Notice, 1. Those identical causes of action turn on two common questions. The first question is whether OpenAI's creation of GPT-4o fell short of an applicable legal standard. Motion to Dismiss, 10. The complaints in both actions say that it did, cite the same legal standards, and allege the same conduct by OpenAI. *Id.* The second question is causation—whether the plaintiffs in both cases can fairly claim that GPT-4o somehow caused Soelberg to commit the murder-suicide at the heart of both complaints. *Id.* Because *Lyons* and *Adams* are mirror images of each other, discovery across the cases is likely to be nearly identical. *Id.* at 14.

This federal action is also directly related to the other cases in the ChatGPT JCCP. Like this case, each case in the ChatGPT JCCP alleges that the design of GPT-4o caused the plaintiffs or their family members mental health injuries or death by suicide. Motion to Dismiss, 7. And like the *Lyons* complaint, each complaint in the ChatGPT JCCP asserts the same core causes of action. *Id.* Just as resolution in *Adams* will turn on many of the same core factual and legal issues as this action, so too will resolution of every other case in the ChatGPT JCCP. Indeed, *Adams* has been coordinated with the cases in the ChatGPT JCCP because all of the cases involve overlapping factual and legal issues against OpenAI. Similarly, much of the discovery that the plaintiffs will seek in this action and that will be sought in the ChatGPT JCCP will be substantially similar—if not identical. *See id.* at 16. Indeed, the state court already overruled the *Adams* plaintiff's objection (attached hereto as **Exhibit D**) and found that it was properly coordinated with the other cases in the ChatGPT JCCP. *See* ECF No. 22-6 (coordinating *Adams*).

### L.R. 3-13(b)(3)(D) – Coordination with state-court actions

Plaintiff believes that there is no "need" or "practicality" for coordination between this action and *Adams*, but fails to offer any rationale to support that position. Notice, 2. Plaintiff's position defies the common practice of courts within this District as well as across the country when

dealing with highly analogous state and federal proceedings. *See infra*, pp. 5-6. Plaintiff fails to grapple with the realistic and practical impact of the ChatGPT JCCP, given its substantial overlaps with this federal action.

Coordinating discovery in this federal action with both *Adams* and the ChatGPT JCCP would help to avoid conflicting rulings; conserve judicial, party, and third-party resources; and promote an efficient determination of the action. Civil L.R. 3-13(b)(3)(D); *cf.* Order Re Stay Motions, *Intersil Corp. v. Tech. Licensing Corp.*, No. C 09-02386 RS (N.D. Cal. Feb. 11, 2010) (Seeborg, J.) ("efficient use of Court and party resources" warranted coordination of discovery in federal action with discovery in state court action involving the same parties).

The common issues across the actions mean that all of the plaintiffs will seek much of the same and extensive discovery into OpenAI's design decisions, safety testing protocols, and internal communications regarding the development of ChatGPT that already has been sought by some plaintiffs in the JCCP proceeding. Defendants' responses to such discovery will involve substantially the same documentary evidence and corporate witness testimony. Defendants and plaintiffs will likely seek discovery from the same third parties. And in *Lyons* and *Adams* specifically, coordination will avoid duplicative discovery from the same real parties in interest, including duplicative depositions of those parties. For all of this duplicative discovery, the parties will necessarily negotiate protective orders and ESI protocols, the coordination of which will be imperative to avoid unworkable conflicts and maintain confidentiality. In sum, coordination across these relevant cases is critical to avoid redundant, inefficient, and burdensome depositions and document productions, including those involving third parties.[3] *See, e.g.*, Order Re: Pl. Leadership Appointments, *In re: Roblox Corp. Child Sexual Exploitation & Assault Litig.*, No. 3:23-md-03166-RS (N.D. Cal. Feb. 17, 2026) (Seeborg, J.) (appointing federal/state liaison counsel to "[f]acilitate coordination with the state court proceedings to the extent reasonably appropriate and necessary to promote efficiency and to minimize duplication and expense"); Joint Status Report on Discovery,

---

[3] *See, e.g.*, Federal Judiciary Center, *Manual for Complex Litigation Fourth* § 20.14 (2004), available at https://www.uscourts.gov/sites/default/files/mcl4.pdf ("Judges should encourage techniques that coordinate discovery and avoid duplication . . . .").

*In re: Soc. Media Adolescent Addiction/Pers. Injury Prods. Liab. Litig.*, No. 4:22-md-03047 (N.D. Cal. Mar. 12, 2024) (ordering limits on written and deposition discovery across federal MDL and JCCP); Minute Order at 4, *Soc. Media Cases*, JCCP No. 5255, Case No. 22STCV21355 (Cal. Super. Ct. Feb. 17, 2023) (affirming that "there should not be duplicative discovery as between the MDL and this JCCP"); Joint Status Conf. St. 4, *Soc. Media Cases*, JCCP No. 5255, Case No. 22STCV21355 (Cal. Super. Ct. Mar. 17, 2023) (noting coordination among document productions in social media addiction federal MDL and state JCCP); Order Re: Coordination With In Re: Google Inc. Cookie Placement Consumer Priv. Litig., *Carandang v. Google Inc.*, No. CGC-12-518415 (Cal. Super. Ct. Oct. 4, 2012) (ordering that state court matter would "proceed in coordination" with analogous federal MDL).

As noted above, *Adams* is proceeding as part of the coordinated ChatGPT JCCP. Other than this Court's ruling on Defendants' Motion to Dismiss on abstention grounds, no significant substantive motions have been filed in *Lyons* or in any of the cases in the ChatGPT JCCP, and no substantive rulings have been made. Accordingly, coordination of *Lyons* with the ChatGPT JCCP cases will minimize duplication of effort, delay, and other inefficiencies and inconsistencies.

DATED:        April 30, 2026

By:  */s/ Edward D. Johnson*
EDWARD D. JOHNSON (SBN 189475)
ANTHONY J WEIBELL (SBN 238850)
KRISTIN W. SILVERMAN (SBN 341952)
ELSPETH V. HANSEN (SBN 292193)
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
Tel.:  (650) 331-2000
Fax:  (650) 331-2060

ANKUR MANDHANIA (SBN 302373)
CHRISTOPHER RHEINHEIMER (SBN 253890)
AMandhania@mayerbrown.com
CRheinheimer@mayerbrown.com
MAYER BROWN LLP
101 Second Street, 17th Floor
San Francisco, CA  94105
Tel.:  (415) 874-4230

Fax:  (415) 331-2060

ANDREW J. PINCUS (*pro hac vice*)
APincus@mayerbrown.com
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C.  20006
Tel.:  (202) 263-3000
Fax:   (202) 263-3300

GRAHAM WHITE (*pro hac vice*)
GWhite@mayerbrown.com
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York  10020
Tel.:  (212) 506-2500
Fax:   (212) 262-1910

MALORI MCGILL FERY (*pro hac vice*)
MMcGillFery@mayerbrown.com
MAYER BROWN LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84101
Tel.:  (801) 907-2700
Fax:   (801) 880-2221

Attorneys for Defendants
OPENAI FOUNDATION, OPENAI OPCO,
LLC, OPENAI HOLDINGS, LLC, OPENAI
GROUP PBC, and SAMUEL ALTMAN